UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIA ANDREA GONZALEZ,<br><br>    Defendant. | No. 1:18-CR-02005-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL** |

The Court held a hearing in the above-captioned matter on November 6, 2019, in Yakima, Washington. Defendant was present in the courtroom in the custody of the U.S. Marshals. She was represented by Tim Nguyen and Troy Lee. The Government was represented by Ian Garriques. At the hearing, Defendant presented her arguments in support of her Motion for a New Trial, ECF No. 184. Defendant argues that she is entitled to a new trial based on the U.S. Supreme Court's holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). At the hearing, the Court orally denied Defendant's motion. This Order memorializes the Court's oral ruling and explains the Court's reasoning.

## Background

On January 18, 2018, the Government filed an Indictment charging Defendant with possession of methamphetamine with intent to distribute, possession of a firearm in the furtherance of a drug trafficking crime, and felon in

**ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL \* 1**

possession of a firearm and ammunition. ECF No. 1. On March 13, 2018, the Government filed a Superseding Indictment, adding two charges of possession of heroin with intent to distribute. ECF No. 38. The case went to trial before a jury.

Relevant here, at the close of trial the jury was provided Instruction 17 on Court 4 of the Indictment. Instruction 17 provided that in order to be convicted of felon in possession of a firearm, the jury needed to find that: (1) Defendant knowingly possessed a certain firearm and ammunition; (2) the firearm and ammunition had been shipped and transported from one state to another or between a foreign nation and the United States; and (3) at the time Defendant possessed the firearm, she had been convicted of a crime punishable by imprisonment for a term exceeding one year. ECF No. 151 at 22. In addition, the instruction informed the jury that Defendant stipulated that on or about the date of her arrest, she had previously been convicted of a crime punishable by imprisonment of a term exceeding one year. *Id.* On February 7, 2019, the jury found Defendant guilty of all but one charge, which had been dismissed prior to trial. ECF No. 153. Defendant is currently awaiting sentencing on these convictions.

Defendant filed the instant motion on October 15, 2019. In this motion, Defendant argues that she is entitled to a new trial on Count 4 of the Indictment under Federal Rule of Criminal Procedure 33 because of a change of law after her trial. Defendant argues that, under the new rule announced by the Supreme Court in *Rehaif*, the jury instruction on the elements of felon in possession of a firearm given at her trial was improper and justice requires a new trial.

**Standard**

Federal Rule of Criminal Procedure 33 provides that, upon a defendant's motion, the court may vacate any judgment and grant a new trial if justice so requires. Fed. R. Crim. P. 33(a). If the motion is based on newly discovered evidence, the motion must be filed within 3 years after the guilty verdict. Fed. R. Crim. P. 33(b)(1). A motion based on any other reason must be filed within

**ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL * 2**

fourteen days after the entry of the guilty verdict. Fed. R. Crim. P. 33(b)(2). A motion for new trial "is directed to the discretion of the judge" and should be granted "only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Mack*, 362 F.3d 597, 600 (9th Cir. 2004).

When considering a motion for a new trial, courts apply the plain error standards set forth in Federal Rule of Criminal Procedure 52(b). *United States v. Pelisamen*, 641 F.3d 399, 404 (9th Cir. 2011) (applying plain error standard where grounds for challenging a jury instruction arose between trial and the time of the motion due to a change in law). The plain error standard requires reversal where there has been (1) error (2) that is plain (3) that affects substantial rights and (4) where the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)).

Defendant argues that the new rule announced by the Supreme Court of the United States in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), requires a new trial on Count 4 of the Indictment. In *Rehaif*, the Supreme Court held that, in order to convict, § 922(g) requires the Government prove that a person knew she possessed a firearm and that she knew of her prohibited status when she possessed the firearm. 139 S. Ct. at 2194. That is, the Government must prove that the defendant knew she was a person who had been convicted of a crime punishable by imprisonment for a term exceeding one year. Thus, under *Rehaif*, district courts must instruct juries on the Government's twofold burden on proving a defendant's mental state in order to convict under § 922(g).

Although *Rehaif* is still new precedent, the Ninth Circuit Court of Appeals provides some additional guidance on the mechanics of *Rehaif*. In *United States v. Benamor*, the Ninth Circuit held that a stipulation to one's status as a felon and a court's failure to give the proper instruction under *Rehaif* was not plain error requiring a new trial. 937 F.3d 1182, 1188 (9th Cir. 2019). There, the defendant filed a petition for rehearing, arguing that the evidence presented at his trial was

**ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL \* 3**

insufficient to sustain his conviction because the government failed to prove that he knew he was a felon. *Id.* However, the defendant stipulated at trial that, at the time he was arrested on the § 922(g) charge, he had been convicted of a crime punishable by imprisonment for a term exceeding one year. *Id.* Although the Circuit concluded that the absence of the instruction now required by *Rehaif* was error, it did not warrant a rehearing. *Id.* Rather, the Circuit concluded that, "[a]t a minimum, the [defendant's] prior convictions for being a felon in possession of a firearm…proved beyond a reasonable doubt that [the defendant] had the knowledge required by *Rehaif* and that any error in not instructing the jury to make such a finding" did not affect the defendant's substantial rights or the fairness of his trial. *Id.*

## Analysis

Defendant argues that the change of law announced in *Rehaif* constitutes new evidence for purposes of Rule 33. Furthermore, the Government has agreed not to object to the timeliness of the motion based on the recentness of the *Rehaif* decision. *See* ECF No. 184 at 4, n.2 Thus, the Court must determine whether the failure to give the required *mens rea* instruction constitutes plain error requiring a new trial on Count 4 of the Indictment.

The Ninth Circuit's holding in *Benamor* is binding on this case. At Defendant's trial, the jury was not instructed that the Government must prove that Defendant knew she had been convicted of a crime punishable by imprisonment for a term exceeding one year. However, the jury was instructed that "Defendant stipulates on or about November 21, 2017, the Defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year." ECF No. 151 at 22. Stipulations are binding and relieve the Government of its burden to prove Defendant's knowledge as to her status. *See Benamor*, 937 F.3d at 1188 (citing *Christian Legal Soc'y Chapter of Univ. of Cal. v. Martinez*, 561 U.S. 661, 677-78 (2010)). Even if the instruction required by *Rehaif* had been given, the

**ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL * 4**

stipulation would have proven beyond a reasonable doubt that Defendant actually did have the required knowledge. It cannot be argued, then, that neither Defendant's substantial rights nor the fairness of the proceedings were affected. Therefore, a new trial on Count 4 of the Indictment is not warranted in this case.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for a New Trial, ECF No. 184, is **DENIED**.
2. Defendant will be sentenced in this matter on **November 20, 2019** at **2:30 p.m.** in **Yakima**, Washington.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 8th day of November 2019.



Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL * 5**