FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 20, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIA ANDREA GONZALEZ,<br><br>    Defendant. | No. 1:18-CR-02005-SAB-1<br><br>**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE; GRANTING LEAVE TO AMEND** |

    Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 249. Defendant is representing herself in this matter.

    On February 7, 2019, a jury found Defendant guilty of Counts 1, 2, 3, 4, and 6 of the Second Superseding Indictment. ECF No. 153. Defendant was sentenced by this Court to 20 years with credit for time served on November 19, 2019. ECF No. 205. Defendant now files this motion under 28 U.S.C. § 2255, arguing she received constitutionally ineffective assistance of counsel, and requesting the Court to vacate, set aside, or correct her sentence accordingly.

### Standard

    Motions under Section 2255 are subject to a one-year period of limitations that runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created

**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE; GRANTING LEAVE TO AMEND \* 1**

by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2255(f).

## Analysis

A judgment of conviction becomes final when the time to file a petition for certiorari contesting an appellate court's affirmation of the district court's judgment expires. *Clay v. U.S.*, 537 U.S. 522, 525 (2003). Defendant has already exhausted the remedy of filing a petition for certiorari to the United States Supreme Court, and that petition was denied on May 2, 2022. ECF No. 245. Defendant had one year from that date to file a § 2255 motion for it to not be barred by the period of limitations. Defendant makes no argument in her motion as to the other three dates from which the period of limitations could possibly run. As such, it appears that Defendant's Motion is untimely and should be dismissed.

## Leave to Amend

*Pro se* litigants should be given the opportunity to amend their § 2255 Motion if it lacks full disclosure of facts that would allow for the Court to make an informed decision. *U.S. v. Battles*, 362 F.3d 1195, 1197-98 (9th Cir. 2004).

The one-year period of limitations for a § 2255 Motion may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling applies when a prisoner shows (1) that they have been pursuing their rights diligently, and (2) that some extraordinary circumstance stood in the way of filing the Motion within the one-year limitations period. *Id*. Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's

**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE; GRANTING LEAVE TO AMEND * 2**

control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of [the prisoner's] untimeliness.*" Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (emphasis in the original) (citation and quotation marks omitted).

In the interest of the Court making a decision informed by all relevant facts, Defendant may submit an amended § 2255 Motion within thirty (30) days of the date of this Order. The amended motion must explain whether equitable tolling should apply to Defendant's Motion, the date to which the period of limitations should be tolled to, as well as relevant supporting facts.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 249, is **DISMISSED**.

2. Plaintiff is granted leave to file an Amended § 2255 Motion within thirty (30) days of this Order.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 20th day of October 2025.



_____
Stan Bastian
Chief United States District Judge

**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE; GRANTING LEAVE TO AMEND \* 3**