FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 24, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARIA ANDREA GONZALEZ, <br><br> Defendant. | No. 1:18-CR-02005-SAB-1 <br><br> **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE** |

    Before the Court is Defendant's Motion to Reduce Sentence, ECF No. 254. Defendant is representing herself in this matter.

    On February 7, 2019, a jury found Defendant guilty of Counts 1, 2, 3, 4, and 6 of the Second Superseding Indictment. The relevant Sentencing Guideline range was 360 months up to a life sentence. On November 19, 2019, this Court sentenced Defendant to 240 months imprisonment.

    This Court previously dismissed Defendant's §2255 Motion to Correct Sentence with leave to amend. ECF No. 250. Instead of filing an amended §2255 Motion, Defendant filed the instant Motion. In it, Defendant requests the Court reduce her sentence, asserting she is entitled to offense level reductions based on amendments to U.S.S.G. §3B1.2 and §2D1.1, effective November 2025, which clarify when offense level reductions should be applied, specifically regarding the

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE * 1**

role a defendant played in a drug trafficking offense. Defendant argues there was no evidence presented at trial that shows she played any role beyond a minor one in the relevant drug trafficking offenses, and her sentence should be reduced accordingly.

## Standard

The ranges provided by the United States Sentencing Guidelines are not mandatory, and courts have discretion to override these ranges when making sentencing decisions. *Koons v. United States*, 584 U.S. 700, 702 (2018). When a sentence is not "based on" the applicable guideline ranges, a Defendant is ineligible for a retroactive sentence reduction based on amendments to relevant guideline provisions. *Id*. at 704. For a sentence to be "based on" the guidelines, the relevant guideline range must have played a role, beyond just a starting point, in the framework the sentencing judge used in imposing the sentence. *Id*. at 705-06.

## Analysis

Here, Defendant was sentenced to 240 months imprisonment, which is below the guideline range of 360 months to life. Since Defendant was sentenced outside of the guideline range, the sentence was not "based on" the guideline range. Further, the language of the relevant sentencing guideline provisions regarding role adjustments indicates that these adjustments are only applicable to Defendants who are one of at least two participants in the relevant drug offense. U.S.S.G. §3B1.2(2). Here, Defendant is the sole defendant regarding the drug-related charges, and there is no evidence that any other person was involved in the offense, so these adjustments are inapplicable. As such, Defendant is ineligible for a sentence reduction based on the guideline amendments and her motion is denied.

//
//
//
//

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE * 2**

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Reduce Sentence, ECF No. 254, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to *pro se* Defendant and counsel.

**DATED** this 24th day of February 2026.

Stan Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE** * 3