FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 07, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MARIA ANDREA GONZALEZ,

    Defendant.

No. 1:18-CR-02005-SAB-1

**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Before the Court is Defendant's Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, ECF No. 256. Defendant is representing herself in the matter. The Motion was considered without oral argument.

On February 7, 2019, a Jury found Defendant guilty of Counts 1, 2, 3, 4, and 6 of the Second Superseding Indictment. On November 20, 2019, the Court sentenced Defendant to 20 years with credit for time served. Since then, Defendant has filed several appeals and motions to reduce her sentence, including a petition for Writ of Certiorari to the United States Supreme Court, which was denied in May 2022.

On October 20, 2025, the Court dismissed Defendant's previous § 2255 Motion with leave to amend, noting that the relevant statute of limitations period to

**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE * 1**

bring such a motion had expired.

After an extension was granted, the deadline for Defendant to file her amended § 2255 motion was January 20, 2026. Defendant did not file her amended motion within that timeframe. Instead, she filed a different motion to reduce her sentence on January 13, 2026, which was denied.

On March 31, 2026, Defendant filed her amended § 2255 Motion, indicating she was unable to file it before the deadline due to mailing and administrative issues within the prison. In her amended motion, Defendant asserts she received ineffective assistance of counsel as her attorney refused to meet with her sufficiently prior to trial, and refused to present witnesses, evidence, and arguments on her behalf which she asserts would have proven her innocence.

Motions for habeas relief under § 2255 are subject to a one-year period of limitations that runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2255(f).

A judgment of conviction becomes final when the time to file a petition for certiorari contesting an appellate court's affirmation of the district court's judgment expires. *Clay v. U.S.*, 537 U.S. 522, 525 (2003). Defendant has already exhausted the remedy of filing a petition for certiorari to the United States Supreme Court, and that petition was denied on May 2, 2022. Accordingly, unless Defendant can show any of the other three limitations periods apply and allow for a later filing deadline, any § 2255 motion filed after May 2, 2023, is untimely.

**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE \* 2**

Defendant's amended motion recites the same factual issues raised in her original § 2255 motion. In discussing whether the limitations period should be tolled, Defendant asserts "demonstrating actual innocence can overcome any procedural bar," citing to *McQuiggin v. Perkins*, 569 U.S. 383 (2013). In *McQuiggin*, the court held that the Antiterrorism and Effective Death Penalty Act (AEDPA) extends the limitation period for habeas relief when petition alleges newly discovered evidence, and the filing deadline is one year from the date which the "factual predicate of the claim" of actual innocence could have been discovered through due diligence. *Id*. Actual innocence, if proven, serves to overcome procedural bars such as the statute of limitations. *Id*. at 386. However, this specific tolling exception is only applicable to federal review of habeas petitions filed by state prisoners under § 2244, not federal prisoners under § 2255. *See generally Shoop v. Twyford*, 596 U.S. 811 (2022); *McQuiggin*, 569 U.S. at 388-89; 28 U.S.C. § 2244(a). Regardless, the AEDPA exception is mirrored in the language of § 2255(f)(4): "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of… (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Accordingly, to overcome the limitations period, Defendant must assert that she obtained new evidence supporting her claim of actual innocence within the past year.

Here, Defendant does not allege any newly discovered evidence. She asserts that she received ineffective assistance of counsel because her attorney did not present witnesses, evidence, or arguments that she wanted to present at the time of trial. She further raises the same arguments regarding the unconstitutionality of her initial arrest and search that this Court and the Ninth Circuit Court of Appeals have already considered. There is nothing newly discovered supporting her claim of actual innocence that warrants tolling the limitations period. Accordingly, her motion is **denied** as untimely.

**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE * 3**

Accordingly, **IT IS HEREBY ORDERED:**

1.      Defendant's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 256, is **DENIED as untimely**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to counsel and to *pro se* Defendant.

**DATED** this 7th day of May 2026.



Stan Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE * 4**